UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD C. FESSENDEN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-380-TLS |
| ANDREW SAUL, Commissioner of the Social Security Administration, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Donald C. Fessenden seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly evaluate his symptoms and limitations, erred in evaluating the opinion evidence, and therefore erred in his vocational findings. For the reasons set forth below, the Court finds that reversal and remand is required for further proceedings.

## PROCEDURAL BACKGROUND

On October 30, 2013, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning March 17, 2008. AR 133, ECF No. 7. The claim was denied initially and on reconsideration. *Id*. 133, 154, 162. The Plaintiff requested a hearing, which was held before the ALJ on August 18, 2016. *Id*. 173, 188. On October 24, 2016, the ALJ issued a written decision and found the Plaintiff not disabled. *Id*. 130–144. The Appeals Council remanded the decision back to the ALJ on September 27, 2017, finding that the ALJ erred, in part, in weighing the assessment of Dr. Irma R. Rey, M.D., in Exhibit 5F/7. *Id*. 149–53. The ALJ held a second hearing on March 14, 2018. *Id*. 16, 33. On April 30, 2018, the ALJ issued a second written decision and found the

1

Plaintiff not disabled. *Id*. 13–26. The Plaintiff appealed, and the Appeals Council denied the appeal on March 13, 2019. *Id*. 2–4. On May 16, 2019, the Plaintiff filed his Complaint [ECF No. 1] in this Court, seeking reversal of the Commissioner's final decision. The Plaintiff filed an opening brief [ECF No. 13], and the Commissioner filed a response brief [ECF No. 14].

## THE ALJ'S DECISION

For purposes of disability insurance benefits and supplemental security income, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R.§§ 404.1505(a).

An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff did not engage in substantial gainful activity from the period of March 17, 2008 the alleged onset date, through his date last insured of December 31, 2013. AR 19.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff had the severe impairments of chronic fatigue syndrome, sleep disorder, plantar fasciitis, and tarsal tunnel syndrome. AR 19.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. §

404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id*. § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listing, indicating that he considered Listings 1.02, 11.00, 12.04, and 12.08. AR 19.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except cannot climb ladders, ropes, or scaffolds; can occasionally climb ramps and stairs, balance, stoop, kneel, and crawl; cannot be exposed to hazards and vibrations; and cannot drive motor vehicles. The claimant can perform simple, routine, repetitive tasks; cannot perform work involving quotas or production rate pace, but can perform work where end-of-day goals need to be met; and must have low stress work (defined as not requiring the worker to cope with work-related circumstances that could be dangerous to the worker [or] to others).

AR 20.

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 25.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" in the national economy given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g).

3

Here, the ALJ found that the Plaintiff is not disabled because Plaintiff can perform significant jobs in the national economy of telephone information clerk, order clerk, and address clerk. AR 26. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see also* 20 C.F.R. § 404.1512.

The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 2–4. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d 492, 496 (7th Cir. 2019). The Plaintiff now seeks judicial review under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the

Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539 (quotations omitted); *see also Moore*, 743 F.3d at 1121 ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (internal citations omitted). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

In this appeal, the Plaintiff argues that the ALJ erred by, among other problems, first failing to properly weigh medical opinion evidence and next failing to properly evaluate his subjective symptoms, particularly with respect to his chronic fatigue syndrome and limitations in concentrating, persistence, and pace. The Court finds that remand is required for a proper consideration of his treating doctor's initial assessment and a proper evaluation of the Plaintiff's subjective symptoms.

The Residual Functional Capacity ("RFC") is a measure of what an individual can do despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); 20 C.F.R. § 404.1545(a). The determination of a claimant's RFC is a legal decision rather than a medical one. *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995); *see also Thomas v. Colvin*, 745 F.3d 802, 808 (7th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)). "RFC is an assessment of an individual's ability

5

to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id*. at *3.

The relevant evidence includes medical history; medical signs and laboratory findings; the effects of treatment; reports of daily activities; lay evidence; recorded observations; medical source statements; the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. *Id*. at *5. In arriving at an RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." *Id*.

**A.   Medical Testimony**

An ALJ has an obligation to evaluate every medical opinion and explain the weight given to the opinion. *See* 20 C.F.R. § 404.1527(c). Medical opinions are weighed by considering the following factors: (1) whether there is an examining relationship; (2) whether there is a treatment relationship, and if so the length of the treatment relationship, the frequency of the examination, and the nature and extent of the treatment relationship; (3) whether the opinion is supported by relevant evidence and by explanations from the source; (4) the consistency of the opinion with the record as a whole; (5) whether the opinion was offered by a specialist about a medical issue related to his or her area of specialty; and (6) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)–(6).

The Plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. Irma Rey, M.D., his treating doctor who treated his chronic fatigue syndrome. Dr. Rey signed an initial

assessment as well as provided an opinion in 2018 relating to the relevant time period. AR 606–10, 1687–91. The Plaintiff argues that the ALJ erred by failing to analyze the initial assessment from March 26, 2013, as suggested by the Appeals Council remand. The end of the assessment included a variety of diagnoses and medication suggestions. *Id.* 610. It stated that the Plaintiff had Chronic Fatigue Syndrome, among other diagnoses. *Id.* The assessment was signed by a nurse practitioner and Dr. Rey. *Id.* In the 2016 ALJ decision, the ALJ granted this opinion no weight, focusing solely on the fact that the nurse practitioner was not an acceptable medical source. *Id*. 142. The Appeals Council remanded the decision, finding that the ALJ erred in failing to note that the assessment was signed by Dr. Rey, an acceptable medical source. *Id*. 151. Moreover, the ALJ failed to identify the contents of the assessment/opinion. *Id*.

In the 2018 decision, the ALJ did not discuss the 2013 assessment. Rather, the ALJ focused on Dr. Rey's 2018 opinion. AR 24. The Commissioner asserts that the ALJ did not need to look at the 2013 assessment, as it was not a medical opinion as considered by the regulations. The Commissioner also asserts that the Appeals Council did not specify that the ALJ discuss the 2013 assessment. However, the assessment supports Dr. Rey's 2018 opinion and should have been discussed, particularly after the Appeals Council found that failure to discuss the contents of the assessment was an error.

**B.    Subjective Symptoms**

The ALJ must consider a claimant's statements about his symptoms, such as pain, and how the symptoms affect his daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). Subjective allegations of disabling symptoms alone cannot support a finding of disability. SSR 16-3p, 2017 WL 5180304, at *2. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

7

>    (1) The individual's daily activities;
>
>    (2) Location, duration, frequency, and intensity of pain or other symptoms;
>
>    (3) Precipitating and aggravating factors;
>
>    (4) Type, dosage, effectiveness, and side effects of any medication;
>
>    (5) Treatment, other than medication, for relief of pain or other symptoms;
>
>    (6) Other measures taken to relieve pain or other symptoms;
>
>    (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 404.1529(c)(3). Here, the Plaintiff asserts that the ALJ made multiple errors in discussing his subjective symptoms, particularly by rejecting the intensity and severity of the Plaintiff's reported symptoms.

The ALJ found that the Plaintiff had, as one of his severe impairments, chronic fatigue syndrome. AR 19. Like fibromyalgia, chronic fatigue syndrome's cause or causes are unknown, and its symptoms are largely subjective. *See Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) (citations omitted); *see also* SSR 14-1p, 2014 WL 1371245, at *7 (Apr. 3, 2014) ("If objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms, we consider *all* of the evidence in the case record . . . .")[1] (emphasis added). The Plaintiff testified to his subjective symptoms and their limitations on his ability to hold any job; for example, the Plaintiff testified that he could, on a good day, "do maybe four hours of activity." AR 21. The evidence given by the Plaintiff's wife, to which the ALJ gave "some weight," supported these limitations. *See* AR 24–25.

Nevertheless, the ALJ rejected the Plaintiff's statements regarding the intensity, persistence,

---

[1] The record does establish the ALJ used this standard. AR 21 ("[W]henever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the undersigned must consider other evidence in the record to determine if the claimant's symptoms limit the ability to do work-related activities.").

8

and limiting effects of the symptoms as "not entirely consistent" with the medical evidence and other evidence in the record, which the ALJ stated "demonstrates that the [Plaintiff] could perform basic work activities." *Id*. 21. Thus, the RFC does not reflect some of the Plaintiff's reported limitations.

It is not clear what in the medical evidence or other evidence in the record contradicts the Plaintiff's testimony. The only medical evidence cited is normal evaluations or the absence of objective findings. *See, e.g.*, *id*. 22 ("only laboratory tests that were slightly abnormal was his cortisol level"),[2] ("his tests revealed nothing unusual"); 24 ("the objective record showing a negative MRI of the brain and only a slightly abnormal cortisol level support that the [Plaintiff] did not have disabling symptoms"). However, "the ALJ may not discredit a claimant's testimony about [his] pain and limitations solely because there is no objective evidence supporting it." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009); *accord Akin v. Berryhill*, 887 F.3d 314, 318 (7th Cir. 2018); *see also Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016) ("[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." (quoting *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain."))). On the contrary, the "whole point of the [subjective symptom] determination is to determine whether the claimant's allegations are credible *despite* the fact that they are not substantiated by the objective medical records." *Stephens v. Colvin*, No. 1:13-CV-66, 2014 WL 1047817, at *9 (N.D. Ind. Mar. 18, 2014).

---

[2] Although the Plaintiff's CFS was found to be a severe impairment, the 2009 Mayo Clinic evaluation which found that he did not qualify for the CDC criteria for CFS is cited. AR 22. However, the Mayo doctor ultimately found the Plaintiff's presentation was "chronic fatigue syndrome like" and noted he met the primary criteria of debilitating fatigue, as well as more than four out of the eight secondary criteria for CFS. AR 541–45. This does not contradict the Plaintiff's subjective symptoms.

The rejection of the Plaintiff's reported symptoms and limitations should at least have been explained; in fact, the use of the "not entirely consistent" language, AR 21, has been enough to remand on its own. *See, e.g.*, *Ryberg v. Berryhill*, No. 2:17-CV-449, 2019 WL 912175, at *4 (N.D. Ind. Feb. 25, 2019); *Justin H. v. Berryhill*, No. 2:18-CV-383, 2019 WL 2417423, at *12–13 (N.D. Ind. June 7, 2019) (collecting cases remanding for "not entirely consistent" and holding that the proper standard is "more likely than not"). The only other non-medical evidence appears to be the Plaintiff's statement in 2008 that he thought it would be therapeutic to get back to work, which is described as showing that the Plaintiff is "not as debilitated as he maintains;" however, that same statement by the Plaintiff continued, "I am not sure I can handle more than a half day," and thus does not contradict the Plaintiff's testimony to the ALJ. AR 23.

The decision's rejection of the Plaintiff's subjective symptoms when relying only on the absence objective evidence in support, as well as failing to address the contents of the 2013 assessment, are errors. Remand[3] is appropriate; given that remedy, the Court need not address the remainder of the Plaintiff's arguments.

## CONCLUSION

For the reasons stated above, the Court GRANTS the relief sought in Plaintiff's Brief [ECF No. 13] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion. The Court DENIES Plaintiff's request to award benefits.

---

[3] Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for further proceedings. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)). Based on the discussion above, an immediate award of benefits is not appropriate.

SO ORDERED on November 30, 2020.

                                          s/ Theresa L. Springmann  
                                          JUDGE THERESA L. SPRINGMANN  
                                          UNITED STATES DISTRICT COURT