UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD C. FESSENDEN, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-380-TLS |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 22]. The Plaintiff's attorney requests (1) an award of attorney fees in the gross amount of $65,000 and (2) an order that she be paid the net amount of $57,100, which reflects an offset of EAJA fees already paid. The Commissioner filed a Response [ECF No. 24], asking the Court to grant a reasonable fee in an amount less than requested by the Plaintiff's attorney. For the reasons stated below, the motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying the Plaintiff's application for disability insurance benefits. *See* ECF No. 1. On November 30, 2020, the Court reversed and remanded this case for further proceedings. *See* ECF No. 15. On April 8, 2021, the Court awarded $7,900 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. ECF No. 21.

On remand, the Social Security Administration (SSA) issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits in the amount of $284,723.50, twenty-five percent of which is $71,180.87. *See* Pl. Ex. 2, at 2, ECF No. 23-2. The Plaintiff's attorney filed

the instant motion [ECF No. 22] on March 30, 2022, requesting that the Court award attorney fees pursuant to § 406(b) in the gross amount of $65,000, and that the award be paid in the net amount of $57,100. These amounts are based on the retainer agreement between the Plaintiff and the Plaintiff's attorney, in which the Plaintiff agreed to pay the attorney twenty-five percent of all past-due benefits for work at the federal court level. *See* Pl. Ex. 1, ECF No. 23-1. The requested net award of $57,100 is based on a gross award of $65,000, which is approximately twenty-three percent of the $284,723.50 in past-due benefits, offset by the $7,900 in EAJA fees.

## ANALYSIS

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. When approaching a fee determination, the Court begins by looking "to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht*, 535 U.S. at 808. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Id.* Reasons to reduce an award include an attorney's substandard performance, unjustifiable delay, or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* An award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796.

In this case, the requested amount of attorney fees is consistent with the contingency agreement, and, in fact, the Plaintiff's attorney requests about $6,000 less than the maximum

amount provided for under the agreement. While the contingency agreement is not the sole consideration, the Court gives reasonable weight to its terms. *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989); *see Gisbrecht*, 535 U.S. at 807 (concluding that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set"). This is because when entering into a contingency agreement in a social security case, an attorney often defers payment for years and faces a risk of not receiving any payment. *See Smith v. Saul*, No. 1:17-cv-15, 2020 WL 104138, at *3 (N.D. Ind. Jan. 9, 2020) (explaining the risk in social security cases because they are governed by the substantial evidence standard of review and there are no settlements). If courts routinely invalidate contingency agreements, future social security claimants may have difficulty finding counsel. *McGuire*, 873 F.2d at 980. Thus, the existence of a valid contingency agreement in this case provides support for the Plaintiff's attorney's request for fees.

      Next, the Court considers the reasonableness of the fee request and whether it amounts to a windfall. A range of factors have helped courts evaluate reasonableness, including: "the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Heise v. Colvin*, No. 14-cv-739, 2016 WL 7266741, at *1 (W.D. Wis. Dec. 15, 2016) (quoting *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005)); *see Jeter v. Astrue*, 622 F.3d 371, 381–82 (5th Cir. 2010) (noting factors that might be considered in the windfall analysis). Here, the Plaintiff's attorney reviewed a record that was nearly 1,700 pages long, thoroughly researched three substantive issues for appeal, and drafted an effective brief. She did not merely file boilerplate pleadings and demand the full twenty-five percent of past-due benefits. *See McGuire*, 873 F.2d at 981. The Plaintiff's attorney's work in this case demonstrated her efficiency in social security cases as well as her 20 years of experience in the

field, which includes eight years in the SSA's Office of General Counsel and time serving as an ALJ. Pl. Ex. 3, ¶ 3, ECF No. 23-3; *see Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022) (stating that the lawyer's ability, expertise, and efficiency are relevant considerations). In sum, her efforts resulted in the Plaintiff receiving more than $280,000 in past-due benefits as well as future social security benefits. A favorable award of attorney fees is therefore supported by both the character of the representation and the results achieved in this case.

The remaining consideration—and the primary focus of the Commissioner's response—is the effective hourly rate of the fee. Although the lodestar approach (which involves hourly rates) is no longer the starting point for fee determinations, courts still consider those rates when evaluating reasonableness. *See Smith*, 2020 WL 104138, at *2 n.5. Based on the requested fees and number of attorney hours in this case, the effective hourly rate is $1,649.75. *See* Pl. Ex. 3, at 5 (reflecting 39.4 attorney hours). While this rate is certainly on the high end of the range normally awarded under § 406(b), other courts have found comparable rates to be reasonable. *See, e.g.*, *Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (noting that an hourly rate of $1,711.96 is within the range of rates approved by courts); *Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at *1–2 (N.D. Ill. Nov. 29, 2017) (awarding attorney fees with an hourly rate of $1,612.28); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). Except for the hourly rate, the Commissioner identified no other issues with the representation, and the Court is not inclined to reduce the fee based on a high hourly rate alone. *See Jeter*, 622 F.3d at 381 (noting that the lodestar method may be considered, but it "alone cannot constitute *the* basis for an 'unreasonable' finding"). The Court will award the Plaintiff's attorney a gross amount of $65,000 in § 406(b) fees.

The final issue to address is whether to grant the Plaintiff's attorney's request for "netting"—that is, allowing the attorney to keep the EAJA award and directing the Commissioner to pay the balance of the § 406(b) award after offsetting the EAJA amount. *See O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020). The Seventh Circuit has explained that this method of awarding fees is permissible under the statute, even if it is "disfavored." *See id.* at 957. And as the Plaintiff's attorney suggests, the netting method can be an efficient way to manage payment of these fees. *See, e.g.*, *Lovato v. Saul*, No. 2:19-cv-294, 2021 WL 1921677, at *2 (N.D. Ind. May 13, 2021). Therefore, the Court exercises its discretion to award payment of § 406(b) fees in the net amount of $57,100, which reflects an offset of the $7,900 paid in EAJA fees.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's Attorney's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) [ECF No. 22] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the net amount of $57,100, which already accounts for the offset of EAJA fees.

SO ORDERED on June 6, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT